**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ERIC GLASCOE, #90828-017 : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No. RWT-07-294 |
| : | |
| UNITED STATES PAROLE : | |
| COMMISSIONERS : | |
| : | |
| and : | |
| : | |
| DISTRICT OF COLUMBIA : | |
| : | |
| Defendants : | |

. . . . . . .o0o. . . . . . .

**MEMORANDUM OPINION**

Pending is a pro se civil rights complaint filed by Eric Glascoe, an inmate at the U.S. Penitentiary in Terre Haute, Indiana.[1] Plaintiff has requested leave to proceed in forma pauperis and his claims are reviewed pursuant to 28 U.S.C. § 1915A. This provision requires courts to screen all civil actions brought by prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted or seek monetary relief from a defendant or defendants immune from such relief. Upon review of the pleadings, the Court will grant the motion to proceed in forma pauperis, but dismiss the complaint without prejudice.

**I. Claims Presented**

Glascoe brings this action pursuant to "common law" and 42 U.S.C. §1983 against the United States Parole Commissioners and the District of Columbia seeking damages from each defendant. Specifically, he complains of: 1) defendants' "incessant use of the same reasons" in making parole decisions that are based on "the personal desires of certain Board members" instead

---

[1] The United State Parole Commission is headquartered in Chevy Chase Maryland.

of parole laws; 2) Defendants' discrimination because his crimes involved a female and Plaintiff is a "Black D.C. Code Offender"; 3) Defendants' decisions to deny him parole based on vindictiveness because Glascoe has filed a petition for federal habeas corpus relief which is "currently pending in the Seventh Circuit Court of Appeals;" and (4) Defendants' "use of past disciplinary reports" to violate his right to procedural due process. [2]  He also complains that: 5) the District of Columbia is vicariously liable for the acts of the Commissioners under *respondeat superior*; and 6) the Commissioners and the District of Columbia conspired to violate his rights under the Fifth, Eighth, Fourteenth Amendments, and the Ex Post Facto Clause.[3]  Complaint.

## II. Jurisdiction

In order to state a claim under 42 U.S.C. §1983, Plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or the laws of the United States, and that such deprivation is a result of conduct committed by a person acting under color of state law.  See West v. Atkins,   487 U.S. 42, 48 (1988).  Contrary to Glascoe's assertions,  the United State Parole Commissioners are not employees of the District of Columbia, but rather federal officials.[4]  Actions alleging constitutional violations by federal officials are properly brought under

---

   [2]    Plaintiff may raise claims of due process violations during parole proceedings in a petition for federal habeas corpus relief.  See 28 U.S.C. §2241

   [3]    Additionally, Plaintiff baldly claims the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No 105-33 § 24-131 is "unconstitutional."  This claim is unsupported and without legal merit.  See e.g. DiNapoli v. Northeast Parole Commission, 764 F. 2d 143, 146 (2d Cir. 1985) (federal parole guildelines are do not violate proscription against *ex post facto* laws); Sheary v. United States Parole Commission, 822 F. 2d 556, 558 (5th Cir. 1987) McKissick v. U.S. Parole Commission, 295 F. Supp. 2d 643 (S. D. W. Va. 2003).

   [4]The United States Parole Commission is an agency within the United States Department of Justice. See e.g. 28 U.S.C. §3551; Pub L. 109-76 §1 , 119 Stat. 2035 (September 29, 2005), "United States Parole Commission Extension Act."; see also 28 C.F.R. 2.1-2107; 2.200- 220 (federal regulations for the Parole Commission);  C.F.R. §5316 (federal pay schedules for Parole

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Mindful that Glascoe is a pro se litigant, the Court will construe the pleading liberally to interpret the claims against the Commissioners under Bivens.

The District of Columbia is a municipality and is considered a "person" for the purposes of 42 U.S.C. §1983. See e.g. Best v. District of Columbia, 743 F. Supp. 44, 46 (D.D.C. 1990). A municipality cannot be held liable for monetary, declaratory, or injunctive relief unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690 (1978).

## III. Discussion

### A. Claims Against United States Parole Commissioners

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a claim shall contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends.... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Midgal v. Rowe Price-Fleming International, Inc., 248 f. 3d 321, 326 (4th Cir. 2001). This is especially true in a Bivens action where "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F. 3d 391, 402 (4th Cir. 2001).

---

Commissioners). Plaintiff does not specify in what capacity he has sued the Commissioners. To the extent he intends to sue them in their official capacity under 42 U.S.C. §1983, this lawsuit is properly against the United States Parole Commission which has not waived its sovereign immunity. See e.g. Settles v. U.S. Parole Commission, 429 F. 3d 1098, 1105-6 (C.A. D.C. 2005). As such, the Court lacks jurisdiction to hear this claim.

Other than bare, conclusory assertions, Plaintiff makes no specific allegations against any United States Parole Commissioner, individually or collectively. In evaluating the claims presented, the court accepts as true all well-pleaded allegations of fact and views them in the light most favorable to Plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). This does not mean, however, that the court can ignore a clear failure in the Complaint to allege facts that set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir.1990). Glascoe presents no factual basis for his bald allegations of discriminatory intent, failure to comply with parole statute and policy, or conspiracy between the Commissioners and the District of Columbia. Plaintiff fails to proffer any basis to find Defendants acted with intent violate his constitutional protections. Without more, Glascoe has failed to state a claim upon which relief can be granted.[5]

### B. Claims Against the District of Columbia

The United States Parole Commission has jurisdiction over District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No 105-33 § 24-131(a). The Act, which vested the Commission with the sole authority to administer the District of Columbia parole system, requires the Commission to follow existing District of Columbia parole law and regulations, and authorizes it to amend or supplement the regulations. See D.C. Code § 24-131(a)(1). Pursuant to this authority, the Commission has promulgated guidelines for the parole of D. C. Code violators. Plaintiff fails to allege intentional deprivation of constitutionally protected rights by an agent acting under the color of state law, and that constitutional deprivation was caused by policy statement, ordinance, regulation, or decision

---

[5] To the extent remedies may be pursued through the U.S. Parole Commission, Plaintiff does not claim to have exhausted them.

officially adopted and promulgated by its officers. United States Parole Commissioners are not employees of the District of Columbia, and as such the District of Columbia is not vicariously liable for the alleged misconduct of the Commissioners.

**IV. Conclusion**

For these reasons, the court will dismiss the Complaint 28 U.S.C. § 1915A. An Order consistent with this Memorandum Opinion follows.

Date: 2/21/07

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE